**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ERIC LOPEZ,

                Plaintiff,

                                                Civ. No. 9:04-CV-0967
      v.                                         (DNH/RFT)

W.E. SMITH, *et al.*,

                Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

ERIC LOPEZ
Plaintiff, *Pro Se*
02-A-692
**Last Known Address:**
Fishkill Correctional Facility
Box 1245
Beacon, New York 12508

HON. ANDREW M. CUOMO                RISA L. VIGLUCCI, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants Goord, Goldstein,
Coppola, Smith, Lafayette, and Keesler[1]
Albany Office
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

On August 5, 2004, Eric Lopez filed a *pro se* Complaint against various Defendants complaining that his constitutional rights were violated at the Central New York Psychiatric

---

[1] Defendant Therapeutic Assistant Chessie Doe has never been served with process. On June 9, 2005, the United States Marshals Service sent Plaintiff a Notice indicating that he failed to supply the proper amount of USM-285 Forms for service. It also appears by that Notice that the Marshals indicated they could not serve a "John or Jane Doe" and would instead require the name of an individual to serve.

Proceeding:

Hospital.[2]  Dkt. No. 2, Compl.; Dkt. No. 12, Am. Compl.  Lopez filed an Application for *In Forma Pauperis* status, which was granted on September 7, 2004.  Dkt. No. 3, App.; Dkt. No. 6, Order, dated Sept. 7, 2004.  In that Order, and consistent with local practice in this district, Lopez was warned of his obligation to notify the Court of any address change.  Dkt. No. 6 at p. 3; *see also* N.D.N.Y.L.R. 10.1(b)(2).  Furthermore, he was warned that his failure to comply with this rule could result in the dismissal of his action.  Dkt. No. 6 at p. 3; *see also* N.D.N.Y.L.R. 41.2(b). More specifically, the Court mailed him an Order which stated, *inter alia*:

> **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do same will result in the dismissal of this action.**

Dkt. Nos. 6 at p. 3 (emphasis in original).

In fact, while this litigation has been pending in this District, Lopez acknowledged this obligation by filing notifications of change of address.  *See* Dkt. Nos. 5 & 34.[3]

On March 29, 2006, the Defendants who have appeared in this action, namely Glenn Goord, Randy Goldstein, Stephen Coppola, W.E. Smith, Eric Lafayette, and Wallace Keesler, filed a Motion for Sanctions in the form of Dismissal, pursuant to FED. R. CIV. P. 37(b), due to Plaintiff's failure to appear at two scheduled depositions.  Dkt. No. 38; *see supra* note 1. Defendants also filed Certificates of Service of the Notice of Motion, Memorandum of Law, and Risa Viglucci, Esq., Affidavit, upon Plaintiff via United States Postal Service at 820 Thierot Avenue, Apt. 14A, Bronx, New York 10473, which, at the time the Motion was filed, was Plaintiff's address of record with the Court.  *See* Dkt. No. 7 (Lopez's Notice of Change of

---

[2] This case originated in the Western District of New York, however, since the hospital at issue is geographically located in this District, the case was transferred forthwith to this Court.  Dkt. No. 1.

[3] The latter notice was rejected due to Plaintiff's failure to serve the opposition; despite such Rejection Order, Lopez's address was updated on the Court's docket.  Dkt. No. 34.

Address, dated October 29, 2004, notifying the Court of his release from Wallkill Correctional Facility and noting that he would be residing at a Bronx address).

A little over a month later, this Court rejected Plaintiff's Notice of Change of Address due to his failure to serve his opposition with same.  Dkt. No. 34.  Incidentally, the Notice of Change of Address was not even filed by Plaintiff, but was submitted by Violet R. Lopez, an individual who claimed to be his sister.  Ms. Lopez indicated that Plaintiff had been incarcerated at Fishkill Correctional Facility since July 15, 2005, and was set to be released on August 26, 2006.  Dkt. No. 34.  Though Ms. Lopez states that Plaintiff had been incarcerated at Fishkill since July 2005, the Court notes that Orders sent to Plaintiff's Bronx address were never returned as undeliverable, nor have we received notice from the Defendants that the Notices of Deposition or Motion for Sanctions sent to Plaintiff's Bronx address was returned undeliverable.  Thus, it is reasonable to presume that Plaintiff received the Notices of Deposition, Motion for Sanctions, and previous Orders issued by the Court as none were returned to the respective sender.  *See Akey v. Clinton County*, 375 F.3d 231, 235 (2d Cir. 2004) (cited in *Luessenhop v. Clinton County, New York*, 466 F.3d 259, 271 (2d Cir. 2006)).  On September 1, 2006, however, an Order issued by this Court mailed to Fishkill Correctional Facility was returned with the notation that the intended recipient had been released.  Dkt. Nos. 36.  Upon receiving the undeliverable mail, this Court reviewed the New York State Department of Correctional Services Inmate Locator Website and confirmed that Plaintiff was indeed released from Fishkill on August 26, 2006.  *See* New York State Department of Correctional Services Inmate Population Information Search, *available at* http://nysdocslookup.docs.state.ny.us/kinqw00. Since Plaintiff failed to respond to Defendants' Motion or update his current address, this Court

issued an Order directing Plaintiff to verify his address and respond to the Defendants' Motion. Dkt. No. 37. Such Order was mailed to the last known address on file with the Court and, not surprisingly, was returned to the Court with a notation that the recipient had been paroled.

First, turning to Defendants' Motion, Federal Rule of Civil Procedure 37(d) specifically provides for the imposition of sanctions against a party who fails to attend his own deposition. The rule confers on the courts the power to impose such sanctions as are "just." *Id*. Appropriate orders may include, *inter alia*, any sanction authorized by Rule 37(b)(2). *See Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 887 (S.D.N.Y. 1999). Included among the available sanctions is dismissal of the claim. *See id*; Fed. R. Civ. P. 37(b)(2)(C). Dismissal is an appropriate sanction upon a showing of serious prejudice and where alternative sanctions would not adequately punish the recalcitrant party or deter future discovery violations. *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d at 887. Dismissal is also appropriate upon a finding of "willfulness, bad faith, or any fault on the prospective deponent." *Davis v. Artuz*, 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001); *see also Beyah v. Coughlin*, 113 F.3d 1229 (2d Cir. 1997) (unpublished opinion) (affirming dismissal of *pro se* inmate's claim where inmate refused to attend deposition); *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (affirming dismissal pursuant to Rule 37(b) based upon *pro se* inmate's bad faith refusal to answer questions at deposition).

Clearly, Rule 37 provides a basis for this Court to impose sanctions. Whether dismissal is the appropriate sanction under that Rule is, however, not as clear. Notably, this case is distinguishable from the above cited cases since under those circumstances, the *pro se* inmate was advised that his failure to attend and answer questions could result in dismissal. Here,

however, since at the time Defendants' noticed Plaintiff's deposition he was not incarcerated, an order directing the deposition was not sought and thus this Court never had an opportunity to admonish Plaintiff of the consequences that could befall any recalcitrance. Though dismissal under Rule 37 may not be technically appropriate, this Court cannot countenance Plaintiff's failure to maintain his obligations in this litigation, namely to duly prosecute the action and keep the Court and his adversaries apprised of his current whereabouts. As then District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute[4] an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)). Though this Court may not have had an opportunity to warn Plaintiff of his obligations in

---

[4] In light of the fact that Plaintiff's last communication with the Court was July 21, 2006, Plaintiff's inaction for more than four months could constitute a failure to duly prosecute this action, and may provide a basis to dismiss this action. *See* N.D.N.Y.L.R. 41.2(a); *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (finding district court did not abuse its discretion in dismissing case due to party's failure to prosecute action). Again, however, the Court is faced with the dilemma that the *pro se* litigant may not have had proper notice of such consequence befalling him.

attending a deposition, we did specifically notify Plaintiff of his obligation to keep his address updated.  *See* Dkt. No. 6.  This matter cannot proceed without notification to the Court by Plaintiff of his current address.  We find that Lopez's failure to provide this Court with a change of address warrants a recommendation of dismissal.  *Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996).  In light of such recommendation, Defendants' Motion for Sanctions is moot.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this action be dismissed due to Plaintiff's failure to update his address.  *See* N.D.N.Y.L.R. 41.2(b) (dismissal of action appropriate where petitioner fails to notify Court of change of address); and it is further

**ORDERED**, that Defendants' Motion for Sanctions is **denied as moot**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order on the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

IT IS SO ORDERED.

Date: February 5, 2007
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge